UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ETHEL SAMPEY                                    *
                                                *
         PLAINTIFF                              *  CIVIL ACTION NO. _____
                                                *
VERSUS                                          *  SECTION: _____
                                                *
ANCO INSULATIONS, INC., BAYER                   *  JUDGE: _____
CROPSCIENCE, INC. (as successor to              *
Rhone Poulenc AG Company, f/k/a Amchem          *  MAG. JUDGE: _____
Products, Inc., f/k/a Benjamin Foster           *
Company), CBS CORPORATION (a                    *
Delaware corporation, f/k/a Viacom, Inc.,       *
successor by merger to CBS Corporation, a       *
Pennsylvania corporation, f/k/a Westinghouse    *
Electric Corporation), CRANE CO.,               *
CRESCENT MATERIALS SERVICE, INC.,               *
CROWN CORK & SEAL COMPANY, INC.,                *
CSR, LIMITED, FOSTER WHEELER LLC                *
(f/k/a Foster Wheeler Corporation),             *
GENERAL ELECTRIC COMPANY,                       *
GOULDS PUMPS LLC, GREFCO, INC.,                 *
HOPEMAN BROTHERS, INC.,                         *
HUNTINGTON INGALLS                              *
INCORPORATED (f/k/a Northrop Grumman            *
Shipbuilding, Inc., f/k/a Northrop Grumman      *
Ship Systems, Inc., f/k/a Avondale Industries,  *
Inc., f/k/a Avondale Shipyards, Inc.),          *
INTERNATIONAL PAPER COMPANY                     *
(f/k/a Champion International Corporation,      *
f/k/a U.S. Plywood Corporation), JOHN           *
CRANE, INC., LIBERTY MUTUAL (as                 *
insurer for Wayne Manufacturing Company),      *
METROPOLITAN LIFE INSURANCE                     *
COMPANY (wholly-owned subsidiary of             *
MetLife, Inc.), ONEBEACON AMERICA               *
INSURANCE COMPANY (f/k/a Commercial             *
Union Insurance Company, as the liability       *
insurer of Avondale Shipyard and its            *
Executive Officers), TAYLOR-                    *
SEIDENBACH, INC., TRAVELERS                     *
INDEMNITY COMPANY (as the liability             *
insurer of Avondale Shipyard and its            *
Executive Officers), THE McCARTY                *

| | |
|---|---|
| CORPORATION, VIKING PUMP, INC., WARREN PUMPS, LLC, AND ZURICH AMERICAN INSURANCE COMPANY (as successor by merger to Maryland Casualty Company, as insurer for Marquette Insulations, Inc.) | * * * * * * |
| DEFENDANTS | * * |

\*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) ("Avondale") and Lamorak Insurance Company (erroneously sued as OneBeacon America Insurance Company)[1] (collectively "the Avondale Interests"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notice the removal of the above-entitled action bearing No. 2020-06338 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter, the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because the Avondale Interests were, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442. The grounds for removal are as follows:

1.

Venue of the removed action is proper in this Court as it is the district court for the district where the State Case is pending, pursuant to 28 U.S.C. § 1441(a).

---

[1] Lamorak Insurance Company was sued as the alleged insurer of various alleged executive officers of Avondale.

2

2.

On July 30, 2020, Plaintiff filed suit naming the Avondale Interests as defendants.[2] The Petition alleges that Plaintiff was exposed to asbestos from the clothing of her uncle, Huey Levron, from 1957 until 1965 while Mr. Levron was an Avondale employee.[3] It also alleges that Plaintiff was exposed to asbestos from the clothing of other, unnamed Avondale employees while working as a bartender at various bars on the West Bank of New Orleans.[4] Plaintiff alleges that she "would regularly interact with Avondale workers who were laden with asbestos dust, which she routinely cleaned up in the bars . . ."[5] As a result of these alleged exposures to asbestos, the Petition claims that Plaintiff was diagnosed with mesothelioma on May 23, 2020.[6]

3.

On September 25, 2020, Plaintiff served Avondale with her responses to Avondale's First Set of Interrogatories and Requests for Production of Documents.[7] In response to Interrogatory No. 4, which sought the identities of the Avondale employees whom Plaintiff alleged she came into contact with as a bartender exposing her to asbestos, Plaintiff answered: "Please see Plaintiff's Preliminary Witness List which has been attached or will be attached, and any supplements and/or amendments thereto."[8] Plaintiff attached a "Preliminary Witness List" to her discovery responses.[9] This Witness List identifies several former Avondale employees, including Stanley Gomez, and Charles Bourg.[10] Through her incorporation of her "Preliminary Witness List" into her discovery

---

[2] Exhibit A, Original Petition for Damages, ¶ 2.
[3] *Id.* at ¶ 3.
[4] *Id.*
[5] *Id.*
[6] *Id.* at ¶ 6.
[7] Exhibit B, Plaintiff's Response to Huntington Ingalls Incorporated's First Set of Interrogatories and Requests for Production; Exhibit C, September 25, 2020 email from Lorin W. Staup transmitting Plaintiff's Response to Huntington Ingalls Incorporated's First Set of Interrogatories and Requests for Production.
[8] Exhibit B, at p. 4-5.
[9] Exhibit D, Plaintiff's Preliminary Witness List.
[10] *Id.* at p. 3.

response, Plaintiff is claiming these listed individuals, amongst others, frequented the bars Plaintiff worked at causing her to be exposed to asbestos.

4.

Stanley Gomez was deposed on June 21, 1995. He testified that he worked as a rigger at Avondale's Main Yard for ten years starting in September 1963.[11] While at Avondale, he worked on approximately thirty U.S. Navy Destroyer Escorts and the U.S.S. Tappahannock, while they were being constructed for the U.S. Navy. Additionally, he testified to working on every Coast Guard Cutter that was built at Avondale for the U.S. Coast Guard.[12] His work as a rigger brought him to the engine rooms of ships, and he believed he was exposed to asbestos working around insulators applying asbestos insulations in engine and boiler rooms aboard the ships he worked on.[13] Mr. Gomez also testified that he performed work aboard Lykes vessels, and was exposed to asbestos from the cutting of wallboards.[14]

5.

Charles Bourg, Sr. was deposed on April 18, 2018.[15] He testified that he worked at Avondale from 1961 to 1979 aboard Destroyer Escorts constructed for the U.S. Navy, Cutters constructed for the U.S. Coast Guard, vessels constructed for Lykes Lines and States Lines, and the LASH vessels.[16] While working on the construction of these vessels, Mr. Bourg testified that he was exposed to asbestos working around insulators applying asbestos insulations in engine and boiler rooms, living quarters, and throughout the ships he worked on.[17]

---

[11] Exhibit E, Deposition of Stanley A. Gomez, taken on June 21, 1995 in *Douglas R. Abadie, et al v. Metropolitan Life Ins. Co., et al,* 24th JDC No. 424-010, Parish of Jefferson, State of Louisiana, p. 61, 63.
[12] *Id.* at p. 69-73
[13] *Id.* at p. 75-81.
[14] *Id.* at p. 81-83.
[15] Exhibit F, Deposition of Charles Bourg, Sr., taken on April 18, 2018, in *Charles Bourg, Sr. v. Anco Insulations, Inc., et al.*
[16] *Id.* at p. 81-89.
[17] *Id.* at p. 53-57, 62-67, 71, 124-140

6.

Plaintiff's September 25, 2020 discovery responses and Witness List demonstrate that Plaintiff's alleged asbestos exposures while working at bars on the West Bank relate, in part, to asbestos-containing materials being installed aboard and around Lykes cargo ships, States Lines cargo ships, LASH cargo ships, U.S. Navy Destroyer Escorts, and U.S. Coast Guard Cutters (collectively, the "Federal Vessels"). The Lykes, LASH, and States Lines cargo ships were built by Avondale pursuant to contracts with the United States Maritime Administration.  The Destroyer Escorts and Coast Guard Cutters were also being built by Avondale under the detailed supervision and control of one or more officers of the United States. Plaintiff, therefore, is claiming that she was injured due to asbestos-containing products allegedly aboard ships pursuant to contracts with the U.S. Maritime Administration, U.S. Navy, and U.S. Coast Guard.

7.

This removal is being filed within thirty days of the Avondale Interests' receipt of Plaintiff's discovery responses and Witness List on September 25, 2020, and is, therefore, timely under 28 U.S.C. § 1446.

8.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

9.

The Avondale Interests are "persons" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

10.

The Avondale Interests were "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when they built the Destroyer Escorts and Coast Guard Cutters for the United States Navy and Coast Guard because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform—namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy).

11.

The Avondale Interests were also acting under a federal officer within the meaning of § 1442(a)(1) when they built Lykes, LASH, and States Lines cargo ships pursuant to contracts with the U.S. Maritime Administration because the United States government, acting through the U.S. Maritime Administration, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the U.S. Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

12.

Plaintiff alleges exposure to asbestos while working in various bars around former Avondale employees, including Stanley Gomez and Charles Bourg. The use of asbestos-containing materials on the Federal Vessels that those former employees worked aboard was required and controlled by officers of the United States.

13.

Plaintiff's claims against the Avondale Interests are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais,* 951 F.3d at 292.

14.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Maritime Administration, U.S. Navy, and U.S. Coast Guard.

15.

The materials used in the construction of the Federal Vessels – including asbestos-containing materials – were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

16.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and

other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Maritime Administration, U.S. Navy, and U.S. Coast Guard.

17.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessel. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

18.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

19.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

20.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healey Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which regulations set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

21.

The Avondale Interests raise two colorable federal defenses to one or more of Plaintiff's claims in this action. First, one or more of Plaintiff's claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence claims relate to the acts performed under color of federal office.

22.

The reasonably precise design specifications established by the U.S. Maritime Administration, U.S. Navy, and U.S. Coast Guard mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels conformed to the specifications mandated by the U.S. Maritime Administration, U.S. Navy, and U.S. Coast Guard—

the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

23.

Second, Plaintiff's claims against the Avondale Interests are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering the Avondale Interests immune from suit because the Avondale Interests performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

24.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

25.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

26.

With this Notice, the Avondale Interests are filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is

being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, the Avondale Interests hereby give notice that the proceeding bearing No. 2020-06338 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law; and the Avondale Interests ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

*/S/ David M. Melancon*_____
GUS A. FRITCHIE III (#5751)
TIMOTHY F. DANIELS (#16878)
DAVID M. MELANCON (#23216)
M. SCOTT MINYARD (#31879)
ALEXANDER R. SAUNDERS (#28753)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
**Counsel for Huntington Ingalls Incorporated**

-AND-

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
FRANCIS C. CANNONE (38155)
fcannone@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899
**Counsel for Lamorak Insurance Company**

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 9th day of October, 2020.

                                                          */s/ David M. Melancon*