UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ETHEL SAMPEY                                           CIVIL ACTION

VERSUS                                                NO. 20-2779

HUNTINGTON INGALLS INC., *et al.*                     SECTION M (2)

## ORDER & REASONS

Before the Court is the motion of plaintiff Ethel Sampey to remand.[1]  Defendants

Huntington Ingalls Incorporated and Lamorak Insurance Company ("the Avondale Interests")[2]

and Foster Wheeler LLC ("Foster Wheeler")[3] oppose the motion.  Having considered the parties'

memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying

the motion to remand.[4]

## I.    BACKGROUND

This case arises from personal injuries allegedly caused by exposure to asbestos.  On

May 23, 2020, Sampey was diagnosed with malignant mesothelioma which she alleges was

caused by (1) secondhand exposure to asbestos from her uncle, Huey Levron, who worked at

Avondale Shipyard from 1957 until 1965, and (2) additional exposure from Avondale workers

she served when working as a bartender.[5]  On July 30, 2020, Sampey filed suit against the

Avondale Interests and Foster Wheeler among other defendants.[6]  On August 1, 2020, Sampey

---

[1] R. Doc. 29.
[2] R. Doc. 39.
[3] R. Doc. 42.
[4] For future reference, the parties should be cognizant of the Court's usual directive, set out in its scheduling orders, that with respect to motions or other filings: "The parties should only submit pertinent pages of deposition transcripts.  Submission of an entire transcript is strongly discouraged."
[5] R. Doc. 29-2 at 4-5.  The bars included the "Capri Lounge, Terrace Lounge, Zodiac Lounge, ANA, Bill's Lounge, Ms. Bootys [*sic*], Feisty's, Wishing Well, and Three Coins" (the "Westbank Bars").  *Id.* at 4.
[6] *Id.* at 1.

emailed to suspected defense counsel a courtesy copy of the original petition for damages and a link where defendants could download discovery documents – including her witness list.[7]  On August 21, 2020, a perpetuation deposition of Sampey was taken and counsel for the Avondale Interests participated.[8]  On September 1, 2020, the Avondale Interests were formally served with the petition for damages.[9]  On September 25, 2020, Sampey responded to the Avondale Interests' discovery requests.[10]  In response to an interrogatory asking her to "identify by name … each former Avondale employee known to you or your counsel, that You allege exposed You to Asbestos at" the Westbank Bars,[11] Sampey referenced the exact same witness list that had been produced with her August 1, 2020 email.[12]  Of significance, the list included the names of Stanley Gomez and Charles Bourg without any indication of their relationship to the claims or their employment history, including their work on federal ships.[13]

On October 9, 2020, the Avondale Interests removed this case to federal court on the basis of federal-question jurisdiction under 28 U.S.C. § 1441 and federal-officer jurisdiction under 28 U.S.C. § 1442.[14]  The notice of removal stated it was "filed within thirty days of the Avondale Interests' receipt of Plaintiff's discovery responses and Witness List on September 25, 2020, and is, therefore, timely under 28 U.S.C. § 1446."[15]

## II.    PENDING MOTION

In a case where no party disputes the substantive basis for federal-officer jurisdiction, it all comes down to the clock.  Sampey argues that the basis for jurisdiction was apparent on the

---

[7] R. Docs. 29-1 at 3; 29-3.
[8] R. Docs. 29-1 at 3; 29-6.
[9] R. Doc. 29 at 1.
[10] R. Docs. 29-1 at 4; 29-9.
[11] R. Doc. 1-3 at 5-6.
[12] R. Docs. 29-1 at 4; 29-9 at 7-8.
[13] R. Doc. 29-5 at 1; *see, e.g.*, R. Docs. 39-1 at 16, 18-19; 39-2 at 83-84.
[14] R. Doc. 1 at 2.
[15] *Id.* at 5.

face of the petition and that the Avondale Interests removed the case more than 30 days after

they were served.[16]   She argues, then, that removal is untimely under 28 U.S.C. § 1446(b)(1) and

the case should be remanded back to state court.[17]   Sampey insists that the Avondale Interests

cannot rely on 28 U.S.C. § 1446(b)(3) to start the 30-day window from receipt of "other paper"

based on her discovery responses because the responses did not provide any new information to

the Avondale Interests.[18]   In response to interrogatories, she referenced the same witness list she

previously disclosed by her email on August 1, 2020.[19]

In opposition, the Avondale Interests argue that neither the petition nor the witness list

alone or together was enough to give them notice of a basis for federal-officer removal.[20]   They

assert that it was only after being told in discovery that Gomez and Bourg were alleged sources

of asbestos exposure to Sampey that they could raise a colorable *Boyle* defense.[21]   Therefore,

their window for removal did not begin to run until September 25, 2020.[22]   Additionally, because

Sampey failed to specify a connection between her exposure and Gomez or Bourg, the Avondale

Interests argue that they cannot be held accountable for knowledge they may have gained from

other asbestos litigation.[23]   In its opposition, Foster Wheeler contends that it has asserted "its

own independent, timely basis for this Court to exercise 'federal officer' jurisdiction pursuant to

28 U.S.C. § 1442(a)(1) over this matter."[24]

---

[16] R. Doc. 29-1 at 4.
[17] *Id.*
[18] *Id.* at 5-7.
[19] *Id.* at 5-6.
[20] R. Doc. 39 at 13-15.
[21] *Id.* at 15-16.
[22] *Id.*
[23] *Id.* at 11-12.
[24] R. Doc. 42 at 4.  The Fifth Circuit has held "that where a party removes a case to federal court pursuant to § 1442, a later-served defendant preserves its right to a federal forum under § 1442 by asserting the grounds for same in its answer filed after removal."  *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).  Nevertheless, because the Court holds that the Avondale Interests have properly and timely alleged federal subject-matter jurisdiction, the Court does not reach the merits of whether Foster Wheeler has its own independent basis for federal-officer removal.

## III.   LAW & ANALYSIS

### A.  The Avondale Interests Removed the Case to Federal Court Within 30 Days of Receipt of "Other Paper" Demonstrating Federal-Officer Jurisdiction.

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office … ."  28 U.S.C. § 1442(a)(1).  The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach."  *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020).  "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response."  *Id.*

Removals under § 1442(a)(1) are subject to the time limits set forth in 28 U.S.C. § 1446(b).  *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018).  Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3) (emphasis added).  "The information supporting removal in a copy of an amended pleading, motion, order or other paper … must be unequivocally clear and certain to start the time limit running."  *Morgan*, 879 F.3d at 608-09 (alteration, internal quotation marks and citation omitted).  For example, the Fifth Circuit has held that "[s]ection 1446(b)(3)'s removal clock

begins ticking upon receipt of the deposition transcript" said to constitute the "other paper," and not from the date of the oral deposition.  *Id*. at 612.

Here, the Avondale Interests could not have removed the case to federal court based on the first disclosure of the witness list.  In this case, there are two alleged sources of asbestos exposure: Sampey's uncle who was living in her home, and bar patrons she served.  Although Gomez and Bourg were named in the witness list originally provided, there was no indication on the list (or anywhere else) of what role they might play in the case or testimony they might offer.[25]  Theirs are just two, unadorned names in a list of 37 potential witnesses.  While Sampey now asserts they were clearly bar patrons, she did not say so in the list or when the list was first provided, and their testimony might just as easily have related to her uncle's experience working at Avondale.  The Avondale Interests cannot be imputed with knowledge they may have gained in other asbestos cases absent any connection drawn by Sampey.  *See, e.g., Waguespack v. Avondale Indus., Inc.*, 2020 WL 5250340, at *3 (E.D. La. Sept. 3, 2020) (explaining that where "the initial pleading … did not affirmatively reveal on its face that [plaintiff's] alleged exposures were related to a federal vessel … [w]hether Avondale could have nonetheless removed the case when it was first filed based on what it actually knew or could have pieced together from the old work records is beside the point" because the Fifth Circuit has rejected a due diligence requirement for determining whether a case is removable).  Sampey cannot point to a full picture in the record of this case (before the one painted in the Avondale Interests' own notice of removal) that would trigger the *Boyle* defense and, as a result, start the clock for removal.  In fact, her petition attempts to carve out any connection to federal activity, as she "explicitly disclaims any causes of action or potential recoveries for any injuries caused by any acts or

---

[25] R. Doc. 29-5 at 1.

5

omissions of a party committed at the direction of an officer of the United States of America."[26]

This generalized disclaimer does not supply a factual predicate that would place the Avondale

Interests on notice of their right to federal-officer removal.  The Avondale Interests could not be

sure that the *Boyle* defense was in play until they knew that Gomez and Bourg were alleged to be

sources of Sampey's exposure to asbestos.  Therefore, the Avondale Interests' removal is timely.

## B. The Avondale Interests Have Asserted a Colorable Federal Defense as a Basis for Federal-Officer Jurisdiction.

"[T]o remove under section 1442(a), a defendant must show (1) it has asserted a

colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted

pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated

with an act pursuant to a federal officer's directions."  *Latiolais*, 951 F.3d at 296.  Courts are to

give a broad interpretation to § 1442(a).  *Id.* at 290-91.  Thus, the question whether to remand

cases removed under the statute is weighed "without a thumb on the remand side of the scale."

*Morgan*, 879 F.3d at 607 (quoting *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir.

2016)).  In this case, the Avondale Interests raise the government contractor immunity defense

under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).[27]  Under *Boyle*, the government

contractor immunity defense applies "when (1) the United States approved reasonably precise

specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned

the United States about the dangers in the use of the equipment that were known to the supplier

but not to the United States."  *Id.* at 512.  The Avondale Interests relied on the same defense in

*Latiolais* to successfully sustain their federal-officer removal.  951 F.3d at 297.  In the case at

---

[26] R. Doc. 29-2 at 5.
[27] R. Doc. 1 at 9.  The Avondale Interests also raises the derivative sovereign immunity defense under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940).  R. Doc. 1 at 10.  Because one federal defense is sufficient under § 1442(a)(1), it is unnecessary to analyze the Avondale Interests' *Yearsley* defense for purposes of federal-officer removal.

bar, Sampey does not challenge the Avondale Interests' allegations of the substantive elements of the defense.  Therefore, the notice of removal adequately alleges the elements of a colorable *Boyle* defense to support a basis for federal subject-matter jurisdiction.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of plaintiff Ethel Sampey to remand (R. Doc. 29) is DENIED.

New Orleans, Louisiana, this 4th day of December, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE