UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ETHEL SAMPEY | CIVIL ACTION |
| VERSUS | NO. 20-2779 |
| HUNTINGTON INGALLS INCORPORATED, *et al.* | SECTION M (1) |

# ORDER

Before the Court is the motion of defendant Lamorak Insurance Company ("Lamorak") to enforce stay and notice of liquidation and statutory stay.[1] Huntington Ingalls Incorporated joined and adopted Lamorak's motion.[2] The motion was set to be submitted to the Court on July 15, 2021.[3] Local Rule 7.5 requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was July 7, 2021. Plaintiffs Ethel Sampey, Darren J. Folse, and Mark A. Sampey, who are represented by counsel, have not filed an opposition. Nor has any other party. Accordingly, because the motion to enforce stay is unopposed, and it appearing to the Court that the motion has merit,[4]

---

[1] R. Doc. 83.
[2] R. Doc. 84.
[3] R. Doc. 83-1.
[4] On March 11, 2021, the Commonwealth Court of Pennsylvania declared Bedivere Insurance Company ("Bedivere") insolvent and placed in liquidation. R. Doc. 83-3. Lamorak was merged into Bedivere in December 2020 so is included in the declaration of insolvency and liquidation order. *Id.* at 7-8. Pursuant to the Pennsylvania court's order, "[u]nless the Liquidator consents thereto in writing, no action at law or in equity … shall be brought against Bedivere … nor shall any such existing action be maintained or further prosecuted after the effective date of this Order." *Id.* at 7. Similarly, Louisiana Revised Statute 22:2068(A) provides that "[a]ll proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action." "The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Similar requests to stay have been granted in other cases involving Lamorak. *See, e.g.*, *Cortez v. Lamorak Ins. Co.*, 2021 WL 2018073, at *5 (E.D. La. May 20, 2021); *Gooding v. Liberty Mut. Ins. Co.*, 2021 WL 2002463, at *5 (E.D. La. May 19, 2021); *Olin Corp. v. Lamorak Ins. Co.*, 2021 WL 982426, at *3 (S.D.N.Y. Mar. 15, 2021). Accordingly, it is appropriate to stay the case for the brief period requested by the parties to prevent prejudice to the defendants, particularly those for which Lamorak was providing a defense.

IT IS ORDERED that the motion of defendant Lamorak Insurance Company to enforce stay and notice of liquidation and statutory stay (R. Doc. 83) is GRANTED.

IT IS FURTHER ORDERED that the above-captioned case is stayed and administratively closed until September 12, 2021.

New Orleans, Louisiana, this 9th day of July, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE