UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ETHEL SAMPEY                                                    CIVIL ACTION

VERSUS                                                          NO. 20-2779

ANCO INSULATIONS, INC., *et al.*                                SECTION M (1)

## ORDER

Before the Court is a motion of defendant Hopeman Brothers, Inc. ("Hopeman") to dismiss for failure to state a claim upon which relief can be granted.[1] Defendants Huntington Ingalls Incorporated ("Avondale"), The Travelers Indemnity Company ("Travelers"), International Paper Company ("IP"), and Bayer CropScience, Inc., as successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company ("Amchem") have joined and adopted Hopeman's motion and memorandum in support.[2] Hopeman's motion was set for submission on November 4, 2021. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was October 27, 2021. Plaintiffs Darren J. Folse and Mark A. Sampey,[3] who are represented by counsel, filed no opposition. Accordingly, because the motion to dismiss is unopposed, and it appearing to the Court that the motion has merit,[4]

---

[1] R. Doc. 107.
[2] R. Docs. 117; 118; 121; 123; 124; 126.
[3] Folse and Mark Sampey were substituted for the original plaintiff, Ethel Sampey, upon her death. R. Doc. 68.
[4] This case concerns the malignant mesothelioma that Ethel Sampey allegedly contracted as a result of second-hand exposure to asbestos and asbestos-containing products from her uncle's work at Avondale Shipyard from 1957 until 1965. R. Docs. 1 at 3; 1-2 at 4. She alleged additional exposure between approximately 1966 and 1979 as a result of her employment as a bar tender at bars frequented by a significant population of Avondale workers directly after their work in the shipyard. *Id.* She seeks damages for (1) physical pain and suffering; (2) mental pain and

IT IS ORDERED that Hopeman's motion to dismiss (R. Doc. 107) is GRANTED, and Ethel Sampey's loss of consortium, service, and society claims against Hopeman, Avondale, Travelers, IP, and Amchem are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 2nd day of November, 2021.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

anguish; (3) loss of enjoyment of life; (4) medical expenses and funeral expenses; (5) loss of wages, past and future; (6) loss of wage earning capacity; (7) fear of death; (8) loss of service and society; (9) loss of consortium; and (10) any and all damages which shall be shown at the trial of this matter. R. Doc. 1-2 at 14. "A loss of consortium claim includes elements of loss of service, loss of love and affection, loss of society and companionship, loss of sexual relations, loss of support, and loss of felicity." *Abdullah v. Simmons*, 772 So. 2d 698, 704 (La. App. 2000).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

      Ethel Sampey had no legally cognizable claims for loss of consortium, service, and society. "[T]he nature of a loss of consortium, service, and society claim is that *another* person has been injured, in a manner that, in turn, injures the plaintiff." *Sanchez v. Anco Insulations, Inc.*, 2021 WL 1564575, at *3 (E.D. La. Apr. 21, 2021) (collecting cases) (emphasis in original). A plaintiff does not have a colorable claim for loss of consortium, service, and society related to his or her own alleged injuries. *See id.* In her complaint, Ethel Sampey seeks redress for injuries to herself, *see* R. Doc. 1-2 at 14, so her claims for loss of consortium, service, and society relate to her own alleged injures and are not recognized under Louisiana law. *See Sanchez*, 2021 WL 1564575, at *3 (concluding that where plaintiff's complaint contained no allegations indicating another person's injury so as to give rise to the claimed loss of consortium, service, and society, plaintiff impermissibly sought such damages for the alleged injuries he himself sustained). Accordingly, Ethel Sampey's loss of consortium, service, and society claims are untenable as a matter of law and must be dismissed.