UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ETHYL SAMPEY | CIVIL ACTION |
| VERSUS | NO. 20-2779 |
| ANCO INSULATIONS, INC., *et al.* | SECTION M (1) |

## **ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant Crescent Materials Service, Inc. ("Crescent Materials").[1] The motion was set for submission on June 2, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was May 25, 2022. Plaintiffs Darren J. Folse and Mark A. Sampey, individually and on behalf of Ethel Sampey, who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 216.

[2] R. Doc. 216-4.

[3] This case involves claims for asbestos exposure. On May 23, 2020, Ethyl Sampey was diagnosed with mesothelioma. R. Doc. 1-2 at 5. She filed this suit asserting negligence and strict liability claims against several defendants, alleging that her disease was caused by exposure to asbestos that occurred from the 1950s through the 1970s. *Id.* at 1-24. More specifically, Sampey alleges that from 1957 to 1965 she lived with her grandparents, along with her uncles who worked at Avondale where they encountered asbestos dust and brought it home on their persons and clothing, which resulted in Sampey's exposure. *Id.* at 4. Sampey also alleges that from 1966 to 1979 she worked as a bartender serving Avondale employees and thus encountered more secondary asbestos exposure. *Id.* at 4-5. To prevail in an asbestos case under Louisiana law, a plaintiff must prove by a preponderance of the evidence that she was exposed to asbestos from the defendant's product and the exposure was a substantial cause of her injury. *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009). When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 2005) (citing *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 2004)). Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma. *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 2009) (observing that the substantial-factor "burden can be met by simply showing that [the plaintiff] was actively working with asbestos-containing materials"). "Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which

IT IS ORDERED that the motion for summary judgment filed by Crescent Materials (R. Doc. 216) is GRANTED, and plaintiffs' claims against Crescent Materials are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 26th day of May, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

proceeds from the assumption that more than one defendant substantially contributed to the plaintiff's injury." *Adams*, 923 So. 2d at 122 (citing *Vodanovich,* 869 So.2d at 933). Crescent Materials argues that there is no evidence that Sampey was exposed to its asbestos-containing products. R. Doc. 216-1. By failing to oppose the motion for summary judgment, plaintiffs have admitted that they cannot prove their claims against Crescent Materials. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").